708 A.2d 9

**Hakeem Akabi OGUNBOWALE**

v.

**STATE of Maryland.**

**No. 1186, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

April 6, 1998.

Geraldine K. Sweeney, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Devy Patterson Russell, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Baltimore and Davis R.

Ruark, State's Attorney for Wicomico County, Salisbury, on the brief), for appellee.

Submitted before MOYLAN and KENNEY, JJ., and PAUL E. ALPERT, Judge (retired), Specially Assigned.

MOYLAN, Judge.

The appellant, Hakeem Akabi Ogunbowale, was convicted in the Circuit Court for Wicomico County by Judge Sally D. Adkins, sitting without a jury, of both the distribution of cocaine and the distribution of cocaine within 1,000 feet of a school. He was sentenced to a term of twenty years imprisonment, the first ten years of which were to be served without parole pursuant to the provisions of Md. Ann.Code art. 27, § 286(c) (1996). On this appeal, the appellant raises the single contention that Judge Adkins erroneously imposed an enhanced sentence because the notice of intent to seek the enhanced punishment did not specify which of two enhancement sections was being utilized.

On April 16, 1997, the prosecutor sent timely notice of the intent to seek enhanced punishment to Ms. Parkinson, who was then defense counsel for the appellant. Ms. Parkinson subsequently withdrew her appearance. Accordingly, the prosecutor sent a notice of intent to seek enhanced punishment to new defense counsel, Mr. Sullivan, on June 20, 1997. At sentencing, the prosecutor offered evidence that the appellant had been convicted of the possession of cocaine on an earlier occasion, May 23, 1995, and had been sentenced to eighteen months imprisonment. Defense counsel acknowledged having received timely notice of the State's intent to seek the enhanced sentence. Defense counsel agreed, moreover, that the prior conviction was valid.

The appellant claimed, however, that the notice from the prosecutor failed to particularize whether the enhanced sentence was being sought pursuant to Md. Ann.Code art. 27, § 286(c) or pursuant to Md. Ann.Code art 27, § 293. Notwithstanding the defense objection, Judge Adkins imposed the

condition that no parole would be granted for a period of ten years pursuant to § 286(c).

The notice requirement is contained in Md. Rule 4–245(b), which provides:

(b) Required Notice of Additional Penalties.—When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender *unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel* before the acceptance of a plea of guilty or *nolo contendere* or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier.

(Emphasis supplied).

We note initially that Md. Rule 4–245(b) does not require notice to a defendant of the precise modality of enhancement the State will seek to impose on the basis of the defendant's prior conviction. All that is required is notice that the State will, at the time of sentencing, be seeking some type of sentence enhancement on the basis of the defendant's recidivism and that the State will be relying on "a specified previous conviction." It is expressly provided that the defendant may not be sentenced as a subsequent offender unless the State *"serves notice of the alleged prior conviction."*

In this case, the State, as required, served notice of a specific prior conviction and then, at sentencing, adequately proved that prior conviction. That prior conviction, to be sure, could have supported either of two different types of sentence enhancement. Based on that conviction, the defendant could have been sentenced under § 286(c) to a mandatory minimum term of ten years, essentially without possibility of either probation, suspension, or parole. Based on precisely the same conviction, the defendant could have been sentenced under § 293 to a discretionary maximum sentence of twice the imprisonment and/or twice the fine that could be imposed on a first offender.

The purpose of the required notice is to permit the defendant to prepare a defense to the State's proof of the prior conviction. The defendant may wish to marshal proof to show 1) that he was not the person convicted for that earlier offense, 2) that the conviction was not for the precise type of offense required to trigger the sentence enhancement statute, 3) that the conviction has since been overturned, etc. The defendant was timely put on notice to marshal whatever defenses he could in that regard. The form taken by the ultimate enhancement had nothing to do with any defense the defendant may have had to proof of the prior conviction.

In *Lee v. State*, 332 Md. 654, 632 A.2d 1183 (1993), Judge Karwacki traced in detail the evolution of the drug-related sentence enhancement provisions. He pointed out that prior to 1962, the prior conviction had to be alleged as part of the indictment itself:

Rather, *the prosecutor had to aver the prior conviction in the indictment for the current offense.* This was required because it was thought that the indictment had to contain an averment of every fact essential to justify the punishment inflicted. Under this practice, *the finder of fact* at the guilt-innocence stage of the trial *had to be convinced of the historical fact of the prior conviction.* The prior conviction was proven by production of the record of the prior charge and by proof that the same person committed both the prior and current offenses. Thus, through the indictment, the accused was put on notice early that as a subsequent offender he was subject to increased punishment if convicted of the current offense.

332 Md. at 660, 632 A.2d 1183 (Emphasis supplied).

The purpose of such an allegation in the indictment was to enable the defendant to prepare whatever defense he might have to the allegation that he had suffered a prior conviction:

The purpose of alleging a prior conviction in the indictment was to inform a defendant of the accusation against him

with sufficient particularity in order to enable him to prepare adequately for his defense.

332 Md. at 661, 632 A.2d 1183.

As of January 1, 1962, Md. Rule 713 provided that the allegation of the prior conviction no longer had to be part of the indictment. Required instead was an addendum attached to the indictment. The key fact that had to be proved, however, was still the existence of the prior conviction:

> Although Rule 713 altered the procedure, *the existence of the prior conviction* continued to be a triable issue determined by the court or jury.

332 Md. at 662, 632 A.2d 1183 (Emphasis supplied).

The modality of giving notice of the intended use of the alleged prior conviction changed yet again in 1976. Instead of an addendum attached to the indictment, it sufficed under the new Md. Rule 723 that the State serve notice of its intention to seek enhanced punishment on the basis of the defendant's subsequent offender status. Former Md. Rule 734(e) then provided:

> Before sentencing and after giving the defendant an opportunity to be heard, the court shall determine whether the defendant is a subsequent offender as specified in the notice of the State's Attorney.

As the *Lee* Court noted, from these charges "developed our current practice of serving the defendant with a *notice that he is a subsequent offender subject to enhanced punishment.*" 332 Md. at 662–63, 632 A.2d 1183 (Emphasis supplied). What is now Md. Rule 4–245(b) became effective in 1984 and reflects the requirements and purpose of former Rule 734 "with only minor modifications" not here pertinent.

We hold that the appellant received all the notice to which he was entitled and that his enhanced sentence as a subsequent offender was punctiliously correct.

***JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.***